## THE DIRECTOR.

### BALFOUR *et al. v.* THE DIRECTOR.

*(Circuit Court, D. Oregon.* October 9, 1888.)

1. SHIPPING—CHARTER-PARTY—BREACH OF WARRANTY—ACTIONS — JOINDER OF CAUSES.

   In case of a breach of warranty of seaworthiness in a charter-party, an action for the recovery of the goods shipped and for damages for the breach of warranty may be joined.

2. SAME—BREACH OF WARRANTY—RECOVERY OF POSSESSION OF CARGO.

   The libelants chartered a ship to carry a cargo of wheat from Portland to Europe, and, when she was loaded, she commenced, from inherent weakness, to leak, so that her cargo had to be discharged. *Held* that, the vessel not being seaworthy at the date of the charter and the delivery of the cargo, there was a failure on the part of the ship-owner to perform the condition precedent to the contract. and the shipper was absolved therefrom, and was entitled to recover possession of his wheat, and such damages as he may have sustained by reason of such failure.

In Admiralty. On appeal from district court. 34 Fed. Rep. 57.

This case was heard on an appeal from the district court. The suit was brought to recover damages for the breach of a warranty of seaworthiness of the bark Director, and to recover the possession of 18,868 bags of wheat theretofore delivered to the same for transportation to Liverpool under said warranty. An exception to the libel for misjoinder of causes of action was overruled by the district court, (11 Sawy. 493, 26 Fed. Rep. 708,) and on the final hearing the court found that the bark was unseaworthy, and that the libelants might maintain the suit to recover possession of the wheat, and to recover damages for the non-performance of the contract of affreightment, which were a lien on the vessel.

*C. E. S. Wood,* for libelants.

*Frederick R. Strong,* for claimants.

Before SAWYER, Circuit Judge.

SAWYER, J., (*orally.*) Three points are made by counsel for the claimants and appellants against the findings and decree of the lower court: (1) That the possession of the wheat and damages for the breach of warranty of seaworthiness cannot be recovered in one suit; (2) that the libelants, having sold the cargo of wheat to arrive in Liverpool, cannot maintain a suit to recover possession of the same, notwithstanding the repudiation of the sale and the return to the libelants of the bill of lading by the purchaser; and (3) the vessel was seaworthy at the date of the charter-party, or was made so before the expiration of the lay-days.

The first two of these points involve questions of law. Upon both reason and authority, I think the libelants are entitled to join the cause of suit for possession of the wheat with that for damages in one libel. They are also entitled, as against the claimants, to maintain the suit for the possession of the wheat. The sale in Liverpool has been repudiated by the purchaser, and the bills of lading returned to the libelants. The fact that the libelants may also intend to hold the purchaser liable in damages for such repudiation, if the law will permit, does not affect their right to the possession of the wheat, as against the claimants.

On the question of seaworthiness, I have read the testimony carefully, and am satisfied that at the date of the charter-party the Director, contrary to the implied, as well as the express, warranty therein, was altogether unseaworthy; and the subsequent repairs did not make her seaworthy for such a voyage and cargo. The mere fact that she only brought $3,000 at the marshal's sale, after near $5,000 of repairs had been made upon her, is itself satisfactory evidence of her inherent weakness, and that nothing short of rebuilding her would make her seaworthy.

In conclusion I adopt the findings of the district judge, both of fact and law, and for the reasons given in his opinion, to which I can add nothing.

There must be a decree for the libelants accordingly.